IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE VENOR GROUP | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-2079 |
| | : | |
| ISIS PHARMACEUTICALS | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                              **November 9, 2007**

Plaintiff The Venor Group brings this action against Defendant Isis Pharmaceuticals, alleging breach of contract. Now before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Procedure 12(b)(6). For the reasons that follow, the Motion will be granted.

**I. BACKGROUND**

Accepting as true the allegations of the Complaint, the relevant facts are as follows. Plaintiff is an employment referral agency with its principal place of business in Pennsylvania. See Compl. ¶ 1. Defendant is a pharmaceutical company with its principal place of business in California. See id. ¶ 2. On May 20, 2004, Defendant contracted with Plaintiff to conduct a search for and identify a senior-level physician to replace its outgoing Executive Vice President and Chief Medical Officer. Id. ¶ 3. The parties signed a Referral Agreement ("Agreement"), which provided that Defendant would pay a fee to Plaintiff if it referred a successful candidate to Defendant. See Agreement 1, attached to Compl. at Ex. A. The Agreement, which was drafted by Defendant, provided that the fee would not exceed 25% of the candidate's starting base salary. Id. The Agreement also specified that "[r]eferrals will be held active for six months (6 months)

-1-

from the date of receipt. No fee will be owed or due . . . for any referral hired after said six-month period." Id.

On August 11, 2004, Plaintiff submitted the name of Jeffrey M. Jonas, M.D. ("Jonas") as a candidate for the position of Executive Vice President and Chief Medical Officer. Compl. ¶ 4. On December 13, 2004, Defendant notified Plaintiff by telephone and e-mail that it intended to hire Jonas and that reference checks were required. Id. ¶ 5. Plaintiff then performed a check of all references for Jonas and submitted the final reference to Defendant on January 4, 2005. Id. ¶ 6. On January 11, 2005, Defendant "released news that it planned to eliminate 40% of its jobs" and informed Plaintiff that it "would have to put Dr. Jonas on hold for a while due to the situation of the company." Id. ¶ 8.[1] Defendant also stated "that when things cleared up with the company," Defendant would contact Plaintiff "to move forward with the hiring of Dr. Jonas." Id. ¶ 10.

Over two years later, on January 22, 2007, Defendant issued a press release stating that Jonas would be joining the company as Executive Vice President starting February 1, 2007. Id. ¶ 11. Defendant refused to pay Plaintiff a fee after hiring Jonas. Id. ¶ 13. Plaintiff alleges that based on an expected $350,000 starting base salary, it is entitled to a referral fee of $87,500 (25% of Jonas's expected starting rate of pay). Id. ¶ 14.

On April 9, 2007, Plaintiff commenced this action in the Court of Common Pleas of Philadelphia. On May 22, 2007, Defendant removed to this Court pursuant to 28 U.S.C. § 1441.[2]

---

[1] It is undisputed that Jonas had not yet been hired.

[2] Because the parties are diverse and the amount in controversy exceeds $75,000, the Court has jurisdiction over the removed action pursuant to 28 U.S.C. § 1332.

Defendant filed the instant Motion to Dismiss on June 18, 2007.

**II.  LEGAL STANDARD**

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court is required "to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party."  Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989).  In deciding a 12(b)(6) motion, "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record."  Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).  "To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'"  Victaulic Co. v. Tieman, 2007 U.S. App. LEXIS 20077, at *15 (3d Cir. Aug. 23, 2007) (citations omitted in original) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)).

In a diversity case, the Court generally is required to apply the choice of law rules of the forum state.  See, e.g., Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941).  If the potentially applicable state laws do not differ, the Court need not conduct a choice of law analysis.  See Hammersmith v. TIG Ins. Co., 480 F.3d 220, 230 (3d Cir. 2007) ("If two jurisdictions' laws are the same, then there is no conflict at all, and a choice of law analysis is unnecessary.").  The laws of California and Pennsylvania do not differ with respect to contract interpretation or equitable estoppel, the legal principles necessary to decide this Motion, and both parties agree that Pennsylvania law should be applied.

**III. ANALYSIS**

Defendant argues that the unambiguous terms of the contract preclude recovery because it is obligated to pay the fee only if it hired Jonas within six months after Plaintiff referred him. It is undisputed Jonas was not hired until January 22, 2007. Because Defendant hired Jonas over two years after the August 11, 2004 referral, the express contractual language, "No fee will be owed or due . . . for any referral hired after [the] six-month period" precludes Plaintiff's claim. Agreement 1. Plaintiff argues (a) that this language is ambiguous and (b) that Defendant is equitably estopped from relying on this six-month limitation.

**A. Contract Ambiguity**

Plaintiff argues that the six-month limitation period is ambiguous because Defendant "continued to work through" Plaintiff after the six-month period and stated that it would contact Plaintiff after its economic situation was resolved. Plaintiff contends that this subsequent behavior renders the language ambiguous because the parties' conduct demonstrates that Jonas was no longer a "referral" subject to the six-month limitation. Accordingly, Plaintiff explains that it is not bound by the limitation language because all ambiguities must be construed against Defendant as drafter of the contract. See, e.g., Gallagher v. Fidelcor, Inc., 657 A.2d 31, 34 (Pa. Sup. Ct. 1995).

Plaintiff's argument, however, attempts to inject ambiguity into a contract where none exists. "A contract is ambiguous if it: (1) is reasonably susceptible to different constructions, (2) is obscure in meaning through indefiniteness of expression, or (3) has a double meaning." Lawson v. Fortis Ins. Co., 301 F.3d 159, 163 (3d Cir. 2002) (quoting Cury v. Colonial Life Ins. Co. of Am., 737 F. Supp. 847, 853 (E.D. Pa. 1990)). The contract clearly and unambiguously

provides, "No fee will be owed or due . . . for any referral hired after [the] six-month period." Agreement 1.  When the meaning of the language is clear on its face, the Court may not consider extrinsic evidence.  See, e.g., Del. County v. Del County Prison Employees Indep. Union, 713 A.2d 1135, 1137 (Pa. 1998) ("The intent of the parties to a written contract is deemed to be embodied in the writing itself, and when the words are clear and unambiguous the intent is to be gleaned exclusively from the express language of the agreement." (citing Steuart v. McChesney, 444 A.2d 659, 661 (Pa. 1982))).

**B.  Equitable Estoppel**

Plaintiff also argues that Defendant is estopped from relying on the six-month limitation because it represented that it would put the hiring of Jonas "on hold" and contact Plaintiff once its economic situation was resolved.  Equitable estoppel is a doctrine "of fundamental fairness such that it prevents a party from taking a position that is inconsistent to a position previously taken and thus disadvantageous to the other party." In re Estate of Simmons-Carton, 644 A.2d 791, 798 (Pa. Sup. Ct. 1994).  In order to estop Defendant from relying on the limitation, Plaintiff must show that Defendant's representations induced it to believe "that certain facts exist" and that it justifiably relied and acted on this belief to its detriment.  Id. (quoting Curran v. Eberharter, 521 A.2d 474, 480 (Pa. Super. Ct. 1987)); see also Novelty Knitting Mills, Inc. v. Siskind, 457 A.2d 502, 503 (Pa. 1983) ("The two essential elements of equitable estoppel are inducement and justifiable reliance on that inducement.").

The Complaint is devoid of any allegations of detrimental reliance by Plaintiff. Accordingly, Plaintiff's attempt to invoke equitable estoppel is unsupported by the allegations of the Complaint.  See, e.g., DeJoy v. Comcast Cable Commc'ns, 941 F. Supp. 468, 473 (D.N.J.

1996) ("[I]t is improper to presume a plaintiff can prove any facts not alleged in the Complaint." (citing Associated Gen. Contractors v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983))).

Rather than dismiss the Complaint because of this deficiency, the Court will permit Plaintiff to amend, if it is able in good faith to do so, to allege detrimental reliance.  See, e.g., Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) ("When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that [it] has leave to amend within a set period of time, unless amendment would be inequitable or futile.").  Because the Court cannot determine at this time whether amendment would be futile, it will grant Plaintiff twenty days to amend its Complaint.  If Plaintiff fails to file an Amended Complaint within twenty days from the date of this Memorandum and Order, the Motion to Dismiss will be granted.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE VENOR GROUP | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-2079 |
| | : | |
| ISIS PHARMACEUTICALS | : | |

**ORDER**

      **AND NOW**, this 9th day of November, 2007, upon consideration of Defendant's Motion to Dismiss (docket no. 3), Plaintiff's Response thereto (docket no. 4), and Defendant's Reply (docket no. 6), and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that Plaintiff may file an Amended Complaint consistent with the Court's opinion within 20 days from the date hereof.  If Plaintiff fails to file an Amended Complaint within 20 days, the Motion to Dismiss will be **GRANTED**.

                                                   BY THE COURT:

                                                  /s/ Bruce W. Kauffman
                                                  BRUCE W. KAUFFMAN, J.